# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE O'DELL and CHARLES O'DELL, | Case No. 1:18-cv-01079-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| v. | |
| ARAMARK CAMPUS LLC, et al., | (Doc. 16) |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

On February 20, 2019, the parties filed a request seeking Court approval of their "Stipulated Protective Order and Confidentiality Agreement" (the "Protective Order"). (Doc. 16.) The Court has reviewed the Protective Order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the Protective Order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The Protective Order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

    (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

    (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

    (3)    A showing as to why the need for protection should be addressed by a court

order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The Protective Order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The Protective Order, in its current form, does not identify the types of information eligible for protection in even the broadest of terms. (*See* Doc. 16 at 2 (describing materials to be protected only as "certain documents to be produced in this case").)

The Protective Order also fails to identify the parties' need for protection in anything but the most general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the Protective Order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed. In its current form, the Protective Order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.    The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.[1]

### III.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of their "Stipulated Protective Order and Confidentiality Agreement" (Doc. 16) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:  **February 22, 2019**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the parties failed to send an electronic copy of the Protective Order to the Court's chambers as required by Local Rules 137(b) and 143(b). Any re-filed proposed stipulated protective order shall be accompanied by an electronic version in Microsoft Word format submitted to SKOorders@caed.uscourts.gov.